UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIQIANG WEI,<br><br>    Plaintiff,<br><br>v.<br><br>JIAZHONG SUN, et al.,<br><br>    Defendants. | Case No. 18-cv-02136-MEJ<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND FOR REASSIGNMENT;**<br><br>**REPORT & RECOMMENDATION** |

## INTRODUCTION

On April 9, 2018, Plaintiff Liqiang Wei filed a Complaint and an Application to Proceed In Forma Pauperis. Compl., Dkt. No. 1; Appl., Dkt. No. 2. A district court may authorize the start of a civil action in forma pauperis if the court is satisfied that the would-be plaintiff cannot pay the filling fees required to pursue the lawsuit. *See* 28 U.S.C. § 1915(a)(1). Plaintiff submitted the required documentation demonstrating he is unable to pay the costs of this action, and it is evident from the Application that his assets and income are insufficient to enable him to pay the fees. *See* Appl. Accordingly, the Court **GRANTS** Plaintiff's Application to Proceed In Forma Pauperis. However, as nether party has consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), the Clerk of Court shall **REASSIGN** this case to a District Judge, with the recommendation that the Complaint be **DISMISSED**.

## SUA SPONTE SCREENING UNDER 28 U.S.C. § 1915(e)(2)

**A. Legal Standard**

While the Court has granted Plaintiff's Application to Proceed In Forma Pauperis, it must also review Plaintiff's Complaint to determine whether the action may be allowed to proceed. The Court must dismiss the Complaint if it is frivolous, fails to state a claim upon which relief can

1  be granted, or seeks monetary relief against a defendant who is immune from such relief.  28

2  U.S.C. § 1915(e)(2)(B).  To make this determination, courts assess whether there is a factual and

3  legal basis for the asserted wrong, "however inartfully pleaded." *Franklin v. Murphy*, 745 F.2d

4  1221, 1227-28 (9th Cir. 1984) (quotation omitted).  Pro se pleadings are liberally construed.

5  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  Moreover, the Ninth Circuit has

6  "repeatedly held that a district court should grant leave to amend even if no request to amend the

7  pleading was made, unless it determines that the pleading could not possibly be cured by the

8  allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  Unless it is clear

9  that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma

10  pauperis is entitled to notice and an opportunity to amend before dismissal.  *Noll v. Carlson*, 809

11  F.2d 1446, 1448 (9th Cir. 1987).

## B. Allegations in the Complaint

Plaintiff is a citizen of the State of Illinois.  Compl. at ECF pp. 1, 3.  Defendants are the Chinese Academy of Science in Beijing, China, and three professors from the Institute of Theoretical Chemistry at Jilin University, in Jilin, China.  *Id.* at ECF pp. 2-4.  Plaintiff alleges Defendant Jiazhong Sun (now deceased) stole his research and/or misrepresented himself as the co-author of a scientific paper Plaintiff authored; he alleges the remaining Defendants misrepresented Sun's research on their web-pages, possibly by listing Sun as the author of certain publications or describing his research.  *Id.* at ECF pp. 7-10.

Instead of providing a short and plain statement identifying the basis of his claims (*see* Fed. R. Civ. P. 8), Plaintiff attaches to his complaint more than fifty pages of material.  Much of the Complaint is hard to follow.  One of the attachments appears to be a copy of webpages for the Laboratory of Theoretical and Computational Chemistry written in Chinese; Plaintiff does not provide a certified translation of the document.  *Id.* at ECF pp. 14-20.  Plaintiff alleges these webpages demonstrate Sun plagiarized or copied his research.  *Id.* at ECF pp. 6-9.  The Court cannot rely on an untranslated document to evaluate the sufficiency of Plaintiff's claims.  Plaintiff also attaches a copy of an article published in 2004 that originally identified Plaintiff and Sun as co-authors; a correction is attached to the article, which shows Plaintiff succeeded in removing

2

Sun as a co-author in 2011. *Id.* at ECF pp. 22-31. The correction includes a statement by Plaintiff explaining: "the coauthorship I gave to Chiachung Sun has been deleted from the paper[.]"[1] *Id.* at ECF p. 31.

Plaintiff further alleges Defendants Xuri Huang and Hongzing Zhang "must at least have been involved" in the fraud by virtue of their positions as "chair or director in [the] Institute of Theoretical Chemistry or Laboratory of Theoretical and Computational Chemistry at Jilin University after the death of Jiazhong Sun on 2/24/2013." *Id.* at ECF p. 9. Plaintiff contends this inference is further supported by the fact these Defendants refused to respond to emails he sent them on March 16, 2015 and February 20, 2018 regarding the fraud: "[U]p to now, I have not received their response yet that is the indication of their involvement in the fraud." *Id.* Plaintiff believes "the frauds from Jiazhong Sun should be initiated from the side of the racists, bastards, and evils in the United States, who have been robbing my researches and murdering me! Xuri Huang and Hongzing Zhang must have been instructed to do so from these criminals in the United States, who have been peeping in my residencies and hacking into my personal computers for the thefts." *Id.*[2] Finally, it appears Plaintiff alleges that Defendant Chinese Academy of Sciences is liable because it lists Jiazhong Sun's research achievements, which Plaintiff contends should be attributed to him instead. *Id.* at ECF pp. 9-10 ("As a top agency of a country for scientific researches and research achievements, CAS must know its academicians very well, and also need to examine the validity or accuracy of their description of their research achievements. Nevertheless, it has seen the fraud stated that might have the cooperation or participation from the side of CAS that is crime too!"). Another attachment is a letter from Plaintiff to the University of

---

[1] "Chiachung Sun" is a different Romanization of "Jiazhong Sun." *See* Compl. at ECF pp. 7, 49.

[2] Plaintiff has filed a number of lawsuits in various courts in recent months against other academic institutions, but these suits do not appear to have alleged theft of intellectual property or fraud. *See Wei v. Dep't of Physics at Univ. of Cal. at Berkeley*, 18-cv-230 CRB (N.D. Cal. Jan. 2, 2018) (job discrimination), *Wei v. Dep't of Physics at Stanford Univ.*, 18-cv-228 EJD (N.D. Cal. Jan. 2, 2018) (job discrimination); *Wei v. Dep't of Physics at the Univ. of Chicago*, 17-cv-9138 CRN (N.D. Ill. Dec. 20, 2017); *Wei v. Dep't of Physics & Astronomy at Northwestern Univ.*, 18-cv-8 JRB (N.D. Ill. Jan. 2, 2018). Both Northern District of California suits were dismissed with prejudice. Plaintiff's lawsuit against Northwestern University was dismissed without prejudice; his case against the University of Chicago remains pending.

3

Illinois at Urbana-Champaign, asking the University to change its records to show Plaintiff was, or should have been appointed as, a professor, and not just a graduate student; that he "must have been invited to be members of National Academy of Sciences and American Academy of Arts and Sciences and must have been awarded the Nobel Prize in Physics"; and that the University change his transcript to eliminate fraudulent grades. *Id.* at ECF pp. 36-56. It is not clear how this letter relates to Plaintiff's claims against Defendants here. Plaintiff also attaches a copy of his resume. *Id.* at ECF pp. 57-59.

Plaintiff asks the Court to investigate Defendants' crimes immediately and prosecute "all the criminals . . . as soon as possible." *Id.* at ECF p. 10. In addition, he requests the Court order Defendants to "hand out all the corresponding publications related to the frauds described to confirm [his] claim for the two frauds[;]" rescind or revoke their publications unless they are honest in their publication dates and cite Plaintiff's articles in their publications; "[t]here must be corresponding treatments for the four webpages for Jiazhong Sun at Jilin University and CAS as have been shown"; stop stealing research from his thesis at Jilin University; compensate him for Defendants' fraud. *Id.* at ECF pp. 10-11. Plaintiff also "want[s] to state that this civic complaint must proceed further or be elevated to the criminal complaint." *Id.* at ECF p.11.

He contends federal question jurisdiction exists pursuant to 18 U.S.C. §§ 641, 1001, and 2319. *Id.* He further contends diversity jurisdiction exists because he is a citizen of Illinois and all Defendants are Chinese citizens. *Id.* at ECF pp. 3-4. He seeks damages for the "first fraud" in the amount of $3.5 million, and additional damages to be computed at a later date for "the second fraud." *Id.* at ECF p. 61.

**C.     Analysis and Screening**

       1.     <u>No Private Right of Action</u>

Plaintiff invokes three federal criminal statutes as the basis for federal question jurisdiction, but none of these statutes provides a private right of action.

Title 18 U.S.C. § 641 (Public money, property or records), prohibits the theft of anything of value belonging to the United States or any department or agency thereof. Plaintiff does not allege Defendants stole anything of value belonging to the United States or one of its agencies;

only that they stole from him, a private individual. In any event, Plaintiff may not pursue this claim, nor rely upon it to establish the existence of federal question jurisdiction here, because there is no private right of action to enforce this criminal statute. *See Retanan v. Cal. Dep't of Corrections & Rehab.*, 2012 WL 183388, at *5 (E.D. Cal. May 18, 2012) ("Plaintiff's claims for criminal theft and embezzlement must be dismissed because there is no private right of action, either express or implied, under the federal embezzlement statute, 18 U.S.C. § 641" (citing cases)); *see also Weinstein v. City of New York*, 2014 WL 1378129, at *4 (S.D.N.Y. Apr. 8, 2014) (same).

Title 18 U.S.C. § 1001 (Statements or entries generally) punishes anyone "in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government" for "knowingly and willfully" falsifying a material fact, making any materially false statement, or making use of any false writing or document knowing it contains any materially false information, with a fine or imprisonment. Plaintiff does not allege how Defendants, all Chinese citizens allegedly living in China, pursuing academic careers in China, and publishing information on Chinese websites, have made false statements "in any matter within the jurisdiction of the executive, legislative, or judicial branch of the" U.S. Government. In any event, "Section 1001 is a criminal statute pertaining to the falsification of documents and the making of false statements in matters within the jurisdiction of the federal government. The statute contains no private right of action." *Murphy v. Bank of New York Mellon*, 2014 WL 4222188, at *5 (N.D. Cal. Aug. 25, 2014) (internal citations omitted); *see also Benefield v. Bryco Funding, Inc.*, 2014 WL 4060252, at *7 (N.D. Cal. Aug. 14, 2014); *Burns v. First Am. Trustee Serv. Sols., LLP*, 2011 WL 1344214, at *8 (N.D. Cal. Apr. 8, 2011) (claims under Section 1001(a) dismissed with prejudice because statute does not afford a private right of action).

Title 18 U.S.C. § 2319 (Criminal Infringement of a copyright) sets forth penalties for persons who violate 17 U.S.C. § 506(a)(1)(A)-(C). Neither of these criminal copyright statutes entails a private right of action allowing Plaintiff to enforce these provisions. *See Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 39 (S.D.N.Y. 1992) (Section 2319), *affirmed*, 23 F.3d 398 (1994); *Donald Frederick Evans & Assocs., Inc. v. Continental Homes, Inc.*, 785 F.2d 897, 912-13 (11th Cir.

1986) (Section 506).

Because Plaintiff does not, and cannot, state a claim under any of these criminal statutes, the undersigned recommends the District Court dismiss them without leave to amend.

2. Copyright Infringement

Although Plaintiff does not assert a claim for civil copyright infringement, and although it is not entirely clear what allegations would support such a claim, because Plaintiff is pro se, the undersigned analyzes whether the Complaint states or could state such a claim.

First, to the extent a copyright claim could be based on Jiazhong Sun being added as a co-author to the 2004 article, any such claim is untimely.[3] Plaintiff succeeded in removing Sun as a co-author of the article in November 2011. Compl. at ECF p. 31. Any copyright infringement claim arose at the latest in November 2011. Absent any allegation that Sun continued the infringing conduct thereafter, the claim became barred by the applicable three-year statute of limitations at the latest in November 2014. *See Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962, 1969-70 (2014). Plaintiff filed this action in 2018, well outside the three-year window.

Second, it is an "undisputed axiom that United States copyright law has no extraterritorial application." *See Subafilms, Ltd. v. MGM-Pathe Comms. Co.*, 24 F.3d 1088, 1093 (9th Cir. 1994). "Because the copyright laws do not apply extraterritorially, each of the rights conferred under the five section 106 categories must be read as extending no farther than the [United States'] borders." *Id.* at 1094 (internal quotation marks and citation omitted). Plaintiff appears to allege the remaining Defendants are complicit in Sun's infringement because they posted Sun's resume, authorship, or research on their websites. Based on the allegations of the Complaint, Defendants Xuri Huang, Hongxing Zhang, and Chinese Academy of Science are Chinese citizens working and researching in China, and the Complaint alleges no facts suggesting any of their conduct takes place within U.S. borders. Setting aside whether Plaintiff has pleaded facts sufficient to otherwise allege a claim for copyright violation, he fails to allege any facts sufficient to show the infringement took place within the United States. He thus fails to state a claim against Defendants

---

[3] The Court also notes that the 2011 correction seems to indicate Plaintiff initially "gave" coauthorship to Sun, so it is not clear how Sun plagiarized the document. Compl. at ECF p. 31.

6

Xuri Huang, Hongxing Zhang, or Chinese Academy of Science.

The Complaint accordingly does not state a civil copyright infringement claim against any of the Defendants, any such claim against Sun based on co-authorship of the 2004 article is barred by the applicable statute of limitations, and any claim against the other Defendants (as currently alleged) appears to be based purely on extra-territorial conduct, and thus is not actionable.

3. Fraud

Plaintiff repeatedly alleges Defendants committed fraud, although he does not separately assert a fraud claim. As the Court already has indicated, the Complaint is not a model of clarity; in fact, the undersigned cannot fully discern the conduct that could form the basis of a fraud claim. Because Plaintiff is proceeding pro se, the undersigned nonetheless also analyzes whether the Complaint states, or could state, a fraud claim.

To state a claim for fraud, Plaintiff must comply with the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *See Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1103-04 (9th Cir. 2003). Plaintiff thus must plead all averments of fraud with particularity. *Id.* at 1104. Although it is not clear what state law would apply here, fraud under California law is pleaded by alleging a false representation, knowledge of falsity, intent to defraud, justifiable reliance, and damages. *Id.* at 1105. Plaintiff must accompany his averments of fraud "by the who, what, when, where, and how of the misconduct charged." *Id.* at 1106 (internal quotation marks and citation omitted). The allegations must be specific enough to give Defendants notice of the particular misconduct which is alleged to constitute fraud. *See Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). When there are multiple defendants in a case, the complaint cannot "merely lump multiple defendants together[, but must] differentiate . . . allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

Assuming the Complaint sufficiently identifies false representations, it fails to allege any reliance by Plaintiff on any misrepresentation by any Defendant. It also fails to allege with any particularity knowledge of falsity or intent to defraud by Xuri Huang, Hongxing Zhang, or the Chinese Academy of Science. At most, it alleges Plaintiff contacted Huang and Zhang in March

7

2015 and February 2018 to alert them about a possible fraud by Sun. Compl. at ECF pp. 9, 33, 34. This is insufficient to allege these Defendants knew or should have known the representations about Sun's research and achievements were false; it also insufficiently alleges any intent to defraud.

Moreover, it appears any fraud claim would be time-barred. The statute of limitations for fraud in California is three years. Cal. Civ. Proc. § 338(d). To the extent a fraud claim could be based on Sun's co-authorship of the 2004 article, that claim expired at the latest in November 2014, three years after Plaintiff corrected the article to remove Sun as a co-author. Plaintiff's March 2015 email to Huang and Zhang states he became aware of allegedly fraudulent information about Sun "suddenly appearing" on the webpage of the Institute of Theoretical Chemistry at Jilin University "recently or since last fall." Compl. at ECF p. 33. Based on this allegation, Plaintiff became aware of the fraud at the latest in 2014; his fraud claim would have expired in 2017 − months before he filed this action.

### 4. Personal Jurisdiction

"An in forma pauperis complaint which can allege no set of facts that would support personal jurisdiction may be deemed frivolous and dismissed sua sponte." *Brimm v. Genao-Gomez*, 2014 WL 5471969, at \*2 (D. Mont. Oct. 28, 2014) (citing *Sanders v. United States*, 760 F.2d 869, 871 (11th Cir.1985) (affirming dismissal of pro se complaint that failed to allege facts sufficient to show personal jurisdiction existed over any defendant); *Martin–Trigona v. Smith*, 712 F.2d 1421, 1424 (D.C. Cir.1983) (affirming dismissal of pro se complaint on several grounds, including district court's conclusion it lacked any basis upon which to assert personal jurisdiction over defendant where plaintiff did not allege any contact between that defendant and forum state); *see also Wheeler v. Hilo Med. Ctr.,* 2009 WL 1464191, at \*1 (N.D. Cal. May 22, 2009) (screening complaint pursuant to Section 1915 and dismissing it because plaintiffs failed to allege facts demonstrating court had personal jurisdiction over non-resident defendants) (citing *Sanders*, 760 F.2d at 871)).

The Court thus undertakes a sua sponte review of personal jurisdiction here. Based on the allegations of the Complaint, it is not clear how this Court could assert personal jurisdiction over

8

Defendants here. Plaintiff alleges they are Chinese citizens working in China and publishing information on Chinese websites. The Complaint does not allege Defendants have had any contacts with California. Under these circumstances, Plaintiff has not alleged facts sufficient to show Defendants are subject to personal jurisdiction in California. *See Yahoo! Inc. v. La Ligue Contre Le Racisme et L'Antisemitisme*, 433 F.3d 1199 (9th Cir. 2006).

5. <u>Summary</u>

Based on the foregoing analysis, the undersigned finds dismissal is appropriate because the Complaint fails to state a claim upon which relief can be granted, and fails to allege any facts supporting the exercise of personal jurisdiction over the foreign Defendants. However, given Plaintiff's pro se status and because it is not clear that some of the deficiencies of the Complaint could not be cured by amendment, the undersigned recommends the District Judge:

1. **DISMISS** Plaintiff's criminal copyright law claims **WITH PREJUDICE**;

2. **DISMISS** Plaintiff's civil copyright law and fraud claims **WITH LEAVE TO AMEND** provided that Plaintiff can plead facts sufficient to show those claims are not time barred, and facts sufficient to show the copyright claim is based on conduct occurring within the United States; and

3. **ORDER** Plaintiff to file an amended complaint that alleges facts sufficient to state these civil claims and also shows a court in California may exercise personal jurisdiction over these foreign Defendants.

**CONCLUSION**

Based on the analysis above, the Court **GRANTS** the Application to Proceed In Forma Pauperis. As the parties have not yet consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), the Clerk of Court shall **REASSIGN** this case to a District Judge, with the recommendation that the Complaint be **DISMISSED** as described above.

Pursuant to Federal Rule of Civil Procedure 72, any party may serve and file objections to this Report and Recommendation within 14 days after being served.

The Court advises Plaintiff that he may wish to seek assistance from the Legal Help Center, a free service offered by the Justice & Diversity Center of the Bar Association of San

9

Francisco, by calling 415-782-8982, or by signing up for an appointment on the 15th Floor of the Federal Courthouse in San Francisco, 450 Golden Gate Avenue, San Francisco, California. There is also a Legal Help Center in Oakland, located on the 4th Floor, Room 470S, of the United States Courthouse, 1301 Clay Street, Oakland. At the Legal Help Center, you will be able to speak with an attorney who may be able to provide basic legal help but not representation. More information is available at http://cand.uscourts.gov/helpcentersf.

Plaintiff may also wish to obtain a copy of the district court's *Handbook for Litigants Without a Lawyer*. It provides instructions on how to proceed at every stage of your case, including discovery, motions, and trial. The handbook is available in person at the Clerk's Office and online at: http://cand.uscourts.gov/prosehandbook.

**IT IS SO ORDERED AND RECOMMENDED.**

Dated: April 18, 2018

_____
MARIA-ELENA JAMES
United States Magistrate Judge